A. L. APPENZELLER, O'Neil Bugino, George Buthovick, N. R. Clark, Darrel Criddlebaugh, Kenneth V. Gillette, George Hendershot, Ramon F. Martinez, Roy E. Ottolengui, L. D. Owens, Tony R. Pacheco, Carl E. Pinson, Alfred B. Rubio, John Sanford, Albert V. Walters, Glenn J. Watkins, Harold E. Williamson and Charles Witherwax, Plaintiffs-Appellees,

v.

CAREER SERVICE AUTHORITY OF the CITY & COUNTY OF DENVER, A. H. Abshire, Director of Career Service Authority, Career Service Board of the City & County of Denver, Leo Cardenas, Chairman, Francis H. Salter, Vice-Chairman, and Marian H. Rossmiller, Alfred Wood and Richard Hartman, members of the Career Service Board, Board of Councilmen of the City & County of Denver, Larry J. Perry, James J. Nolan, M. L. Sam Sandos, Paul A. Hentzell, Kenneth M. MacIntosh, L. Don Wyman, Edward F. Burke, Elvin R. Caldwell, Salvador Carpio, Cathy Donahue, and William R. Roberts, members of the Board

of Councilmen, Cathy Reynolds, Councilwoman at Large, Stephen P. Grogan, Councilman at Large, the City & County of Denver, and Dan P. Cronin, Manager of Safety of the City & County of Denver, Defendants-Appellants.

No. 80CA0900.

Colorado Court of Appeals, Div. II.

June 25, 1981.

Rehearing Denied Aug. 13, 1981.

Certiorari Denied Feb. 8, 1982.

Law Offices of Shelley B. Don, Bruce A. Lampert, Denver, for plaintiffs-appellees.

Max P. Zall, City Atty., Stan M. Sharoff, David L. Dickinson, Asst. City Attys., Denver, for defendants-appellants.

STERNBERG, Judge.

On September 19, 1977, the Denver Career Service Board held a public hearing on pay survey recommendations for some 640 city employment classifications as provided for by Career Service Authority Rules 3–70 and 6–80. Appellees, who are classified as Deputy Sheriff Specialists I, did not appear at this meeting to protest the proposed plan but, on September 21, 1977, filed a grievance with the Career Service Board, expressing disagreement with the recommended compensation for their classification and contending that concomitant classification changes constituted *de facto* elimination of their class. The pay ordinance was passed by city council on October 14, 1977. Thereafter, the appeal to the Career Service Board was dismissed as moot because the pay plan incorporating the proposed modifications had been adopted. Appellees sought judicial review of the Board's ruling, and the trial court adopted their arguments, remanded to the Board, ordering it to reconsider the matter. The defendants appeal and we reverse.

The sole issue on appeal is whether appellees' due process rights were violated. In our view, they were not.

Appellees' reliance on Career Service Authority Rules 3–65, 3–66, and 12–10, is misplaced. These rules provide procedures designed to allow an aggrieved employee to challenge the abolition or reallocation of a position within a plan already adopted by the city council rather than to attack the substance of compensation recommendations and proposed modifications to the classification plan before it is adopted.

As Career Service Authority Rules 6–8 and 3–10 provide, appellees were afforded the opportunity to be heard by the Board on this matter and to present evidence in support of their position before the Board forwarded its recommendation to the city council and before council enacted the pay schedule. Appellees did not do so, and thereby waived their right to attack their compensation and modifications to the classification plan incorporated in the pay schedule.

The other contentions of error are without merit.

The judgment is reversed.

PIERCE and TURSI, JJ., concur.